Deaderick, J.,
delivered the opinion of the court.
Mary Oakley brought her action of ejectment against Lewis, in the Circuit Court of Carroll county, and obtained verdict and judgment in her favor for the land described in her declaration, and Lewis has appealed in error to this court.
The question in the case is one of boundary, depending upon the location of the line dividing plaintiff's tract on the East, from defendant’s on the West,' styled in the record a “conditional line.” Both parties agree that said line begins on a poplar. Oakley claims that it runs to a dogwood, while Lewis insists *484 that it terminates on a grim. Each party introduces evidence to sustain his or her theory. The Circuit Judge charged the jury correctly as to the obligation the law imposed upon a plaintiff to make out his title to the land sued for.
The jury after they had retired, returned into court and asked his Honor, the Circuit Judge, whether, “if there was a variation of five degrees, they go to the dogwood?” In reply, the Circuit Judge told them that whether the dogwood was the marked corner called for, was one of the questions of fact to be found by them, and if they find it is the corner called for, although it proves to be sixty-five instead forty-four poles from the end of the call, the object called for would control course and distance. This we think is a substantial answer to the question put by the jury, and instructs them that they may depart from the course and distance called for in the title papers to reach what the evidence in the case satisfies them is the true corner.
It is also objected that the court improperly allowed the reading of a decree of the Circuit Court which purports to correct certain errors in the deed of Barnes to plaintiff below.
No specific objection is taken. The Code, secs. 2014 to 2019, gives the Circuit Court jurisdiction to correct errors or mistakes in any deed of conveyances upon the petition of the person liable to injury by such error or mistake, and directs that notice of the application be given by advertisement in some newspaper published in the circuit, and by written notice *485 to be served upon such persons as are interested in or may be affected by the relief sought, if the court deem it necessary, so that any person desiring to do so, upon giving security for costs, may contest the application.
The decree in this case seems to have been made by consent, and the court having jurisdiction of the subject matter, upon petition ex parte, it must be presumed in the absence of proof to the contrary that the decree was properly and regularly made.
The question of boundary is peculiarly appropriate for the determination of the jury, and the charge is not subject to just exception, and we affirm the judgment.